IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Seneca Roberts, #21655-021, ) | Case No.: 9:20-cv-02162-JD-MHC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden M. Travis Bragg, FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Molly H. Cherry ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Petitioner Seneca Roberts ("Roberts" or "Petitioner") filed this *pro so* action on June 5, 2020, petitioning the court for a writ of habeas corpus under 28 U.S.C. § 2241. (DE 1.) Specifically, Petitioner sought to have prior custody credit awarded to his federal sentence. (DE 1.)

Respondent Warden M. Travis Bragg ("Respondent") filed a Motion for Summary Judgment on August 14, 2020, contending that Petitioner's federal sentence cannot be credited for time in custody that another sovereign has already applied to three other state sentences. (DE 17.) On August 17, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately to the motion. (DE 18.) On September 10, 2020,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Petitioner filed a response in opposition to the Motion for Summary Judgment. (DE 20.) Respondent filed a reply on September 24, 2020. (DE 25.)

On October 28, 2020, the magistrate judge issued the Report and Recommendation, recommending that Respondent's Motion for Summary Judgment be granted and that the Petition be dismissed with prejudice. (DE 27.) For the reasons stated below, the Court adopts the Report and Recommendation and grants Respondent's Motion for Summary Judgment and for the same reasons dismisses Petitioner's writ for habeas corpus.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The record, viewed on the face of the Complaint, reveals the following. Petitioner is currently serving a sixty-month federal sentence at FCI Bennettsville, with a projected release date of September 22, 2023. (DE 17-2, p. 1.) He seeks to have twenty months of pre-sentencing custody credited toward his sixty-month federal sentence. The Petition involves the interplay between Petitioner's federal sentence and three Georgia state court sentences—all of which relate to a single arrest.

On January 13, 2016, Petitioner was arrested by a joint task force of federal and state authorities in Cobb County, Georgia, for trafficking in cocaine, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. (DE 1, p. 2; DE 17-2, p. 1, 24-28.) Petitioner was charged for those offenses in Georgia ("State Drug Charges"). (DE 17-2, pp. 1-2, 24-28.) Petitioner was also arrested for probation violations in two Georgia state cases ("State Probation Charges"). (DE 17-2, pp. 1–2, 24-28.) After his arrest, he was in Georgia state custody. (DE 17-2, pp. 1-2.)

Petitioner was convicted on the Federal Drug Charge, and, on June 29, 2017, the federal district court sentenced Petitioner to sixty months in prison ("Federal Sentence"). (DE 17-2, pp.

35–36.) The district court ordered Petitioner to serve his sentence "consecutively to any term which may be imposed upon the revocation of probation terms [Petitioner] is currently serving" in Georgia. (DE 17-2, p. 36.) Additionally, the district court recommended that the Bureau of Prisons (BOP) give Petitioner credit "for all time served in custody since January 13, 2016, that is not credited toward another sentence." (DE 17-2, p. 36.)

On July 13, 2017, Petitioner was released from the federal writ and returned to state custody. (DE 17-2, p. 2, 30-31.) On July 31, 2017, the Georgia state court considered Petitioner's State Probation Charges and ultimately revoked Petitioner's probation. (DE 17-2, p. 2, DE 20-2, p. 5.) The Georgia state court imposed five-year sentences ("State Probation Sentences") with credit for the time Petitioner spent in custody since January 2016(DE 17-2, p. 2, 24.), the sentence to be served concurrently with Petitioner's Federal Sentence. (DE 17-2, p. 2, 24-26.)

On June 19, 2019, having satisfied his state terms, Petitioner was released from state custody to the exclusive custody of federal authorities to commence service of his Federal Sentence. (DE 17-2, p. 3, 24, and 31.) The BOP prepared a sentence computation that identified June 19, 2019, as the commencement date for Petitioner's Federal Sentence. (DE 17-2, p. 3, 43-45.) Despite the district court's recommendation, the BOP's computation did not award Petitioner any prior custody credit, as the BOP determined that the Georgia state court had already credited all available time in custody since January 2016 to Petitioner's State Probation and Drug Sentences. (DE 17-2, p. 3, 24.) The Report and Recommendation recommends that Respondent's Motion for Summary Judgment be granted. Petitioner filed objections to the Report and Recommendation on November 12, 2020. (DE 32.) This matter is now ripe for review.

## II.     DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. Specifically, Petitioner cites to a Fifth Circuit case that purportedly allows time served for pre-sentence State charges to be applied to a federal sentence, even if petitioner was given credit for the state sentence. Secondly, Petitioner contends, "[A] district court has authority to order that the federal sentence be consecutive to an anticipated State sentence that has not yet been imposed." Neither of Petitioner's objections are persuasive or at the heart of disputed portions of the Report and Recommendation and merely restate his arguments.

This Court declines to disturb the district court's order requiring Petitioner's sentence to run *consecutive* "to any term which may be imposed upon the revocation of probation terms [Petitioner] is currently serving in [Georgia]." (DE 17-2, p. 36.) That order created the potential

4

for the Georgia state court to credit Petitioner's State Probation Sentences with all the time-in-custody credit he accrued since January 13, 2016. The Georgia state court did so, and it also applied that credit to Petitioner's State Drug Sentence. ( DE 26, pp. 1-2.) Consequently, once Petitioner was handed over to federal custody in June 2019, there was no remaining time-in-custody credit to put toward Petitioner's Federal Sentence.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment be granted and Petitioner's writ for habeas corpus denied with prejudice; further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
March 15, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.